Good morning, Your Honors, and may it please the Court. John Skanga for the appellant, who I will refer to by their acronym, TICE. And this is not the usual case where the supplemental jurisdiction analysis is taking place post-dismissal of all the federal claims, and there's no remaining nexus to any federal issue. Here we have a virtually identical federal case filed by the plaintiff, Mr. Bierman, against a third party, IBM, also pending in the same federal district court here. Excuse me, counsel, but what is our standard of review in this case? It is an abuse of discretion, Your Honor, on the issue of whether the case should be remanded to the superior court. And we think there was an abuse of discretion because when we look at the analysis that the district court did, the court just simply said, well, as of today, as of the time of the decision, there had not been any activity in either the present case against TICE or in the case against IBM. But we argued and anticipated that there would be a significant overlap between the cases as they move forward. The pleadings are virtually identical. They're literally verbatim in many cases, the same causes of action, same defenses, same technology that was allegedly misappropriated, the same software allegedly misappropriated. And so the district court's analysis was retrospective only in saying, well, I'm not – if I remand, I'm not stripping the case away from a federal judge who's invested time and effort in the merits. But – and interestingly, today there still is no judge either in superior court or federal court who's familiar with the merits of this case. This case has effectively been stayed as it sits in the superior court, and parties have agreed not to conduct discovery, while the IBM case moved forward in federal court with an early summary judgment motion being filed. So we think the error, the abuse was in not analyzing all of the Gibbs factors and looking prospectively in terms of what kind of duplication of effort would occur between the present case and the IBM case. And what we know now is that the arguments we made that there would be overlap have in fact come to fruition. On February 15th, Judge Hamilton, who is handling the IBM case, granted summary judgment in favor of IBM based on a statute of limitations defense, which is the same defense that Tice has pled in this case. And the factual predicate and legal analysis for that statute of limitations defense we believe applies equally here. Now, the parties have submitted letters to the court citing supplemental authority, namely that summary judgment ruling. And there's a dispute over whether there's enough overlap for that. Kennedy. That summary judgment basis be of aid to you in the superior court. We certainly could argue that it has preclusive effect in the superior court, Your Honor. But what we're trying to avoid is having a superior court judge who has yet to pick up this case and look at it on the merits, have that judge retrace the steps that Judge Hamilton has already gone through in having several hearings and analyzing the statute of limitations issue in detail. And what we don't want to – here's what we can – looking prospectively, here's what we know will be happening, is if we – if this decision is affirmed, we will be going to a superior court judge and arguing whether it's the same statute of limitations issue in the Tice case as in the IBM case. And we'll be arguing what it is Judge Hamilton was thinking and has she analyzed it. Would that be different if the case remains in Federal court? Well, we think that if this – if this case were to go back to the Northern District, there would be an opportunity then for Judge Hamilton to decide whether to take the case as a related case. She was – she was not given that opportunity previously because the remand order came out prior to us moving to amend the judgment based on our discovery of the IBM case. So we got caught in the – we got caught in a ping-pong situation. If she says no. If she says no, Your Honor, I still think there would be efficiencies for the Northern District of California to take the case. The reason being is that Mr. Bierman is likely to appeal the summary judgment ruling, and that appeal would be – the notice of appeal is going to be due within the next week, so it's imminent. An appeal from the summary judgment ruling is imminent. It resolved all claims in the IBM case. And if we're not arguing in front of a – a different judge in the superior court, what – what is it that Judge Hamilton thought when she granted summary judgment to IBM, we'll certainly be arguing to a different appellate court what this court will be doing. Why would you be arguing that to a district court judge other than citing the opinion of Judge Hamilton? I mean, to a state court judge. I'm missing something here, because there's – there's something in your argument that it's better to be in the Federal court than the state court. We've never taken that position. And certainly, it would be difficult to do it in California. They have an excellent judiciary. Your Honor, correct. The argument is not that one court is better than the other. The argument is that the issue now is does the IBM summary judgment have preclusive effect. And in order to address that, the issue is are the issues identical. And in the – in the recent correspondence. You mean there's one party that's the same? The parties aren't the same. The plaintiff is the same. But the parties are not the same. Correct, Your Honor. And somehow you have a case that can tell us in Calif – that the law is that that's preclusive? Here's why, Your Honor. The – the timeline as pled in both the case against IBM and the present case against Tice is the same. The allegations were that the disclosure took place in 1986, that the misappropriation began shortly afterwards. It was not discovered until 2010. And – And somehow Toshiba is bound by that case? We believe we get the – well, Mr. Bierman is, because it was a final judgment. Well, you can cite the case, but – but – Well, if we can show that the issues are identical, then it is – it has preclusive effect. And so that's the thing. Even though – even though one of the parties was not there to defend their rights, it has preclusive effect. No, Mr. Bierman was there. Mr. Bierman is the plaintiff in both the judgments against him. I understand. And so he was able to present his position and was unsuccessful. What's your best case in that scenario that when only one of the cases is involved in the second case, that there's preclusive effect? What's the best case? I can cite that to Your Honor. I need to go to my materials. But it's – it's defensive non-mutual collateral estoppel is the – is the theory. Non-mutual collateral estoppel. And I don't – and that's – and I'm going to ask my colleague to identify a case here, and I'll be able to bring that to your attention. But because Mr. Bierman was represented and presented his argument, all we need to show is that the facts and issues are identical. And because of the pleadings, which are of record, and it was literally a verbatim copy from the IBM complaint and the complaint in this case, we know the factual history is the same, and the issue that made the difference for Judge Hamilton in granting summary judgment was that Mr. Bierman – But wait a minute, counsel. If Mr. Bierman knows that IBM is pilfering his trade secrets, how does that establish that he knew that Toshiba was doing it? Here's – that's a very good point, Your Honor. And it's – the reason – the issue is that Mr. Bierman needed to show that there was no discovery by him in order to withhold the statute of limitations over this several-decade period between – There may have been no discovery as to what IBM was doing, or there may have been discovery as to what IBM was doing, and no discovery as to what Toshiba was doing. The reason why he could not prove the absence of discovery for IBM is the same reason he can't for Toshiba. He assigned all the technology rights to his mother for several years, who then assigned them back. The mother, Mrs. Bierman, unfortunately has passed away. So there is a gap in the period here where Mr. Bierman, who has the burden of proving the absence of discovery, simply cannot prove it because a key witness is unavailable or won't be any more available in the present case when the issue comes up for us. So the – and this was the basis for Judge Hamilton concluding that the statute of limitations had passed, and that could not be established to be – So Mrs. – Mr. Bierman's mother was an essential fact witness in the IBM case, and she would be an essential fact witness in the Toshiba case. Absolutely, because she owned the rights for a number of years during the period when the misappropriation alleged to have occurred. And Bierman would have to show that during that period of time his mother had no reason to discover the misappropriation. And not only no reason, but did not discover. And that's – that's what's – And that can't be proved absent the mother? The mother has passed, and there's no testimony from her that's survived that would enable her to prove – Motion of summary judgment, there was no tribal issue of fact presented as to the mother's lack of knowledge. Correct, Your Honor. And so – Could I ask another question? Let's assume this non-mutual collateral estoppel wouldn't sell for you. Is there anything that we could put our finger on to say that a state court superior judge would decide it differently than Judge Chesney if she still had the case? Is there anything in the record to show that? The only – the only potential issue, Your Honor, there – again, other than the fact that the judge would – the superior court judge would be retracing the steps that Judge Hamilton took, and – Judge Chesney, she's the one with the case. And we think Judge Chesney should give Judge Hamilton the chance to take the case at this point in light of all the effort that's been taken on. But there may be a difference between the State court's application of the collateral estoppel rule in terms of when it goes into effect. Under Federal law, it's clear that the estoppel goes into effect upon entry of the final judgment, and whether it's on appeal does not change the binding nature of it until it's overturned on appeal. There may be an argument that under California State law, it's not until the appeal is exhausted that the judgment has preclusive effect. Now, whether the State law should apply here because it was a Federal court decision is an issue that, you know, we would have to explore. But there's that potential difference. And the other concern for us, too, just as a practical matter, is we would have nationwide subpoena authority if we were in Federal court. And we know now IBM is an important party. They're not a California company. It's more difficult under the California procedure. Well, that would be very hard. I mean, under abuse of discretion, it would be very difficult to say it's easier to try on the case to make it sell. But unless the – there's something to tell us that the decision by a superior court judge would be different from Judge McKesney. Judge Chesney. Chesney. I'm having trouble with your argument. I mean, it isn't that some other judge in the Federal court has a case. It's her case. She's the one it's being appealed from. Well, what I can say, Your Honor, is that under this Court's impact decision in Acri and the Supreme Court guidance, the supplemental jurisdiction issue should be revisited throughout the case. And in many cases, it's revisited and the case gets remanded because the Federal claims are taken out of the case. But here I think it's appropriate. If this Court were to reverse and remand, it would be appropriate for Judge Chesney to allow Judge Hamilton to revisit the issue as to whether Judge Hamilton would want to exercise jurisdiction over the case. That would be something that we wouldn't tell him to do. Correct. But you would give that Court the opportunity. And unfortunately, that opportunity didn't arise because in the circumstances we had here, the way this remand issue came up, there was an order to show cause by Judge Chesney as to whether there was any Federal claim in the case. Was there a copyright claim in the case? We briefed that. We convinced Judge Chesney that there was a copyright claim. Judge Chesney then on her own, sua sponte, dismissed the claims to the extent they were preempted by copyright law. This wasn't a motion by Mr. Bierman to dismiss his Federal claims, which suddenly raised the supplemental jurisdiction issue. Mr. Bierman hasn't objected to that dismissal order by Judge Chesney. Well, in his opposition brief in this Court now, he is saying that there was no – there were no copyrights. No cross-appeal. Correct. That's what I'm concerned with. Right. But in terms of how the supplemental jurisdiction issue came up, it really was something that we were addressing, was there a Federal copyright claim? It was not Mr. Bierman saying, I'll drop all my Federal claims and what's left, there's no supplemental jurisdiction. There's a local rule that if it's a related case, it should go to the judge who first has the first related case. Correct. The judge who makes that decision as to being a related case is a district court judge who can take a look and see whether the first judge had done any work on the case. And if it hasn't, that's one of the considerations that the Court takes in the mind, right? Well, correct, Your Honor. But what happened here is we did file an administrative motion with Judge Hamilton who had the IBM case, and she declined to address it because the case that remand order had already issued. So she said she had no jurisdiction to address it. So that's the procedural ping-pong that I'm referring to. We got caught in the middle there. The IBM case wasn't brought to our attention. The issue that was being addressed by us based on Judge Chesney's OSC was is there a Federal copyright claim here, not, you know, is there supplemental jurisdiction because the copyright claims are being dismissed. And Mr. Bierman wasn't dismissing copyright claims. He wasn't moving to remand the State court. So this, because of the procedural posture, this wasn't fully developed at the district court. And in light of the case law that says revisit supplemental jurisdiction throughout the case, we think it would be appropriate to let Judge Chesney and Judge Hamilton take another look at this in light of these intervening events in the IBM case, which, as I said, we anticipated would happen and have happened. And I know I'm over my time, and I'd like to just reserve a short bit for rebuttal. Thank you. We'll give you a minute for rebuttal. Mr. Kignak. Good morning, and may it please the Court. My name is J. Paul Kignak, and I represent Mr. Bierman, who is the appellee in this case. This is a case that was never intended to be litigated in Federal court. It's a case that was filed by plaintiff's choice in State court. It's a case that alleges, again, by plaintiff's choice, only State law claims. There's no Federal question that was raised on the face of the complaint, and there's no complete diversity between the parties to the complaint. It's a case that belongs in State court. In this case ---- Well, I think the issue as it pertains to complete preemption is that Judge Chesney, who on her own motion requested that the parties brief the issue of whether or not through an order should cause, whether or not the case should be remanded, found that there was only partial preemption. Of the three causes of action that Toshiba challenged as being completely preempted, one of them for breach of a licensing agreement, the District Court Judge Chesney determined was not preempted at all. And the other two, which were for unjust enrichment and accounting, Judge Chesney found that those were only preempted to a limited extent, to a limited extent that the pleading could be read to raise a copyright issue. And accordingly, Judge Chesney dismissed those two claims to that limited extent and remanded the case to State court. And so in terms of whether there is complete preemption of any of the claims that were alleged in the complaint, the answer is no. Judge Chesney found partial preemption as to just two of the claims. Thank you. The ---- We haven't held that yet. Of course, the question is not before us, but we haven't held that yet. The Ninth Circuit has not held specifically on that issue. That is correct. And the second, fourth, and sixth have gone the other direction. But that issue isn't really before us on this case. No, I don't think it really is before us, because I think the real issue on this appeal is whether or not Judge Chesney abused her discretion, because it is an abuse of discretion standard, and both sides agree with that. Essentially, Toshiba is trying to force Judge Chesney to maintain jurisdiction over this group of State law claims. Well, they'd really like to get it to another judge, but that, of course, is up to a lot of other issues. Well, you know, what they, you know, I don't think it's any surprise that they'd really like to be in Federal court as opposed to State court. I mean, they are a defendant. And be in front of Judge Hamilton, too. Right. I mean, they are a defendant, and, you know, defendants do have a preference specifically with, you know, these type of intellectual property cases in being in Federal court. That's the defense view of it. But it's, you know, and it's acceptable, not acceptable, but it's understandable in this case that that was their motive. When was the non-mutual collateral estoppel issue raised? The non-mutual collateral estoppel issue was, I mean, the first time I really saw it raised was in the letter brief that was submitted to bring to the Court's attention the fact that the IBM summary judgment order had come down and come down in favor of IBM. It wasn't before Judge McChesney? It was. There was a mention of the possibility that there could be some type of collateral estoppel effect. I believe it was in one of the briefs that was filed by, on behalf of Mr. Bierman, the plaintiff. Nothing in the briefs before us here, only in a subsequent letter. That is correct. Yes, Your Honor. So you haven't had a chance really to give any response to that if it became material? Well, except to the extent that we did submit a brief response to that supplemental this past Friday. I read it. Okay. Thanks. In this case, Toshiba is arguing that Judge Chesney abused her discretion by failing to consider the so-called Gibbs factors in her remand decision. But a motion to remand is not like a motion for class certification, for example, where there's a requirement under the law that the court conduct a rigorous analysis of the statutory requirements for class certification. The standard with respect to a motion to remand is different. Under the Munger decision out of the Ninth Circuit, the court's decision on a motion to remand should be informed by values of economy, efficiency, and comedy. So let's look at what Judge Chesney's decision said. The judge said, having read and considered the parties' respective written submissions, the court rules as follows. Given the early stage of the proceedings and there appearing no considerations weighing against remand. Well, given the early stages of the proceedings, that certainly sounds like something that is informed by a value of economy. In other words, given the early stage of these proceedings, there's not going to be really any economy to me taking on this case. Or Judge Hamilton taking on the case. Or Judge Hamilton taking on the case. And Judge Chesney proceeds to say, and there appearing no considerations weighing against remand. Well, that certainly sounds like a decision that is informed by fairness. There are no considerations that I see that favor remand. That's certainly informed by fairness. So again, it's not, the standard does not require on a motion for remand that the judge issue a decision that specifically outlines the give factors and shows that she's thoroughly analyzed them. All that is required is that the decision shows that it was informed by the values of economy, efficiency, and comedy. And in terms of comedy, I think comedy clearly weighs in favor of having a California state court rule on whether or not California's trade secrets statute has been violated. And I think the other point to be made here is that nowhere in the brief that was filed by Toshiba in response to the order to show cause does Toshiba even raise the Gibbs issues, the Gibbs factors. Those were not raised until the two briefs that Toshiba filed in connection with their motion to attempt to alter or amend the judgment. So given that the standard on appeal here is an abuse of discretion, the question is not whether Judge Chesney, or actually, let me correct that. The question is not whether a different judge, a judge other than Judge Chesney, such as Judge Hamilton, or even any of the judges here today, would have decided the issue differently. The question is whether or not Judge Chesney abused her discretion in deciding the issue the way that she did decide it. Again, the judge is not required to do a thorough analysis of the Gibbs factors. Toshiba's cited no case that imposes that obligation on the judge. And I submit that the district court's failure to specifically opine on issues, namely the Gibbs factors, that were not even raised by Toshiba in its brief in response to the order to show cause, is not an abuse of discretion. And the one case that's, or one of the cases that Toshiba cites and relies upon, the Miller Aviation case, which is out of the Seventh Circuit, and I think is instructive. And the Seventh Circuit says, quote, A district court's decision to relinquish pendant jurisdiction before the Federal claims have been tried is the norm, not the exception, and such a decision will not be reversed, or such a decision will be reversed, only in extraordinary circumstances. And I submit that Toshiba has not demonstrated extraordinary circumstances that would justify this Court reversing her decision. Unless the panel has questions for me, I will submit. Thank you very much. Thank you. We'll give you an extra minute. Thank you, Your Honor. And on the question earlier about a case dealing with this collateral estoppel issue, the Raines-Postabella case v. Visa, 442F3rd741 from this Court explains the standard, and that's even cited by Mr. Bierman in his March 9th letter to this Court. And the ---- Would you give me the citation again, please? Sure. It is 442F3rd741. The pin cite is at page 746. And the third factor in that test is whether the party against whom estoppel is asserted was a party or in privy with a party in the first proceeding. So that would be satisfied by Mr. Bierman. The ---- Throughout, we have argued that the risk of inconsistent judgments is a problem that could be avoided by the Court exercising supplemental jurisdiction. We think that the ACRI case says apply these Gibbs factors flexibly and sensibly, and that gives the Court the ability to take into account the unique circumstances that we have here. And we didn't raise the Gibbs factors in response to the order to show cause for the reason that I stated earlier, namely, the issue in the OSC was whether it was a Federal copyright claim that had been pled. It was not. What happens after the Court sua sponte dismisses those Federal claims? We hadn't gotten to that point yet, and we did address it, certainly, in the motion to amend judgment. And in response to the Miller Aviation case that Mr. Bierman's counsel just cited, I want to point the Court to the Grispino case, the First Circuit Grispino case that we cited, G-R-I-S-P-I-N-O. And that was an analogous situation where there were Federal claims and State law claims. The plaintiff dismissed the State, the Federal claims for the purpose of trying to get back to State court. However, the First Circuit said, no, there's a parallel Federal proceeding going on with other parties involving the very same issues. And because the Federal court had invested the time and effort in that other case, it refused to remand back to State court where there were solely State law claims remaining in the case. And that's our situation here. We have State law claims remaining, but those issues are tied in so closely with an ongoing Federal proceeding that we believe it wasn't a piece of discretion to remand. Thank you very much. Thank you. The case of Bierman v. Toshiba America Information Systems will be submitted. And we're going to take a 10-minute break at this time, and we'll be back in session in about 10 minutes. All rise.
judges: Wallace, Nelson, Bea